UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GEORGE J. ERBE,                        :    **CIVIL NO. 1:08-CV-0813**
                                       :
            Plaintiff                  :    (Judge Conner)
                                       :
         v.                            :    (Magistrate Judge Smyser)
                                       :
JOHN E. POTTER,                        :
                                       :
            Defendant                  :


**REPORT AND RECOMMENDATION**


I.  Background and Procedural History.


        The plaintiff, George J. Erbe, commenced this action by

filing a complaint on May 1, 2008.  The defendant is John E.

Potter, the Postmaster General of the United States.


        The plaintiff alleges the following facts in his

complaint.


        On or about January 23, 2006, the plaintiff began

employment with the United States Postal Service as a Rural

Carrier Associate.  By a letter dated August 25, 2006, the

plaintiff's supervisor notified him of his separation from the

rolls of the Postal Service.  The reason given for the
separation was "failure to follow instructions: failure to
report an accident timely."  The plaintiff alleges that the
facts described in the letter of separation are not accurate.

At the time of the issuance of the letter of
separation, management of the Postal Service believed that the
plaintiff was still under an initial 90-day probationary period
and, therefore, was not entitled to grieve his separation under
the provisions of the applicable labor/management contract.
The plaintiff, however, had completed the 90-day probationary
period.

At the time of his separation, the plaintiff was a
member of a bargaining unit, the sole and exclusive
representative of which was the National Rural Letter Carriers'
Association (Union), under the provisions of a labor/management
agreement between the Postal Service and the Union.  On
November 8, 2006, the Union filed a grievance concerning the
plaintiff's separation.  The grievance alleged that the Postal
Service violated the labor/management agreement when it

2

separated the plaintiff from the rolls of the Postal Service.

The grievance contained no allegations of employment

discrimination under Title VII, the Rehabilitation Act or the

Age Discrimination in Employment Act.  On February 1, 2007, the

Postal Service and the Union reached a settlement agreement

which provided, in part, that the plaintiff's separation would

be reduced to a time-served suspension.

On February 23, 2007, the plaintiff sought precomplaint

counseling under the Postal Service's administrative Title VII

procedures.  The plaintiff alleged continuing harassment, a

hostile work environment and issues regarding training, working

conditions, working environment and return to work.  The

plaintiff and the Postal Service agreed to mediate the matter,

and a mediation was held on March 27, 2007.  No agreement was

reached at the mediation.  However, based on representations by

management officials that he would be returned to work, the

plaintiff signed a withdrawal of the discrimination matter.

The plaintiff did not file a formal discrimination complaint

regarding the matter.

Because of the Postal Service's failure to return him to work, the plaintiff, through counsel, filed a formal discrimination complaint (docketed as Agency Case No. 4C-170-0054-07) on August 13, 2007.  In that complaint, the plaintiff alleged that the Postal Service was retaliating against him for his involvement in the Equal Employment Opportunity (EEO) process by refusing to return him to work.  The plaintiff also alleged that the Postal Service discriminated against him based on a perceived disability by refusing to return him to work. The Postal Service dismissed that complaint.  In the dismissal decision, the Postal Service informed the plaintiff that he was no longer an employee and that the Postal Service had made a decision sometime prior to April 25, 2007 that he was not being returned to work.  Prior to this dismissal decision and after the date of the settlement of the grievance, the plaintiff had not received any notification that he had been removed from the agency rolls.  The plaintiff appealed the dismissal decision to the Equal Employment Opportunity Commission (EEOC).

After receiving the dismissal decision regarding Agency Case No. 4C-170-0054-07, the plaintiff again sought

4

precomplaint counseling.  He subsequently filed another formal complaint (docketed as Agency Case No. 4C-170-0074-07) in which he alleged that he was discriminated against because of a perceived disability and in reprisal for prior EEO activity. The basis for that complaint was that the Postal Service either separated him from the agency rolls subsequent to the February 1, 2007 settlement agreement or that the Postal Service, in violation of the settlement agreement, failed to restore him to the rolls of the Postal Service.  The Postal Service dismissed that complaint, and the plaintiff appealed that dismissal to the EEOC.

The EEOC consolidated both of the plaintiff's appeals. By a decision dated February 5, 2008, the EEOC affirmed the Postal Service's dismissal of Agency Case No. 4C-170-0054-07, reversed the Postal Service's dismissal of Agency Case No. 4C-170-0074-07, and remanded Agency Case No. 4C-170-0074-07 to the Postal Service for further administrative processing.

The plaintiff claims that the EEOC erred in affirming the Postal Service's dismissal of Agency Case No. 4C-170-0054-

07.  The plaintiff also claims that by refusing to permit him to return to work since April of 2007 the Postal Service discriminated against him based on a perceived disability, based on age and by engaging in a continuing campaign of reprisal against him for his involvement in the EEO process. As relief, the plaintiff is seeking an order reversing the EEOC's decision, retroactive reinstatement with backpay, benefits, compensatory damages and costs and attorney's fees.

The plaintiff specifically alleges that the instant case in this court does not include any claims comprising Agency Case No. 4C-170-0074-07, which is still being processed at the administrative level.

On September 9, 2008, the defendant filed a motion to dismiss or, in the alternative, for summary judgment.  On September 22, 2008, the defendant filed a brief, a Local Rule 56.1 Statement of Material Facts, and documents in support of that motion.  On October 28, 2008, the plaintiff filed a response to the defendant's Local Rule 56.1 Statement of Facts. The plaintiff also filed his own statement of facts.  On

October 29, 2008, the plaintiff filed a brief in opposition to the defendant's motion.  On November 10, 2008, the defendant filed a reply brief.

By an Order dated November 24, 2008, this case was referred to mediation.

In this Report and Recommendation, we address the defendant's motion to dismiss or for summary judgment.

II.  Motion to Dismiss Standard.

The defendant titled his motion as a motion to dismiss or, in the alternative, for summary judgment.  The defendant however has not structured any of his arguments as summary judgment arguments.  Accordingly, we address the motion as a motion to dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able

7

to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  However,  more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stating a claim requires a complaint with enough factual matter to suggest the required elements of a claim. *Phillips v. County*

8

*of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).  However, "this 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* (quoting *Twombly*, *supra,* 127 S.Ct. at 1965).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.,* 127 S.Ct. at 2200.  The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

III. Discussion.

    The defendant contends that the plaintiff lacks standing to pursue a claim based on the terms of the settlement agreement between the Union and the Postal Service.  We agree that the plaintiff lacks standing to pursue a claim based on the settlement agreement.  Nevertheless, we do not construe the complaint as raising a claim based on the terms of the

9

settlement agreement.  Although the complaint is inartfully

pled, we construe the complaint as raising claims under Title

VII, the Rehabilitation Act and the Age Discrimination in

Employment Act based on allegedly discriminatory acts occurring

after the settlement agreement.

    The defendant contends that, because the plaintiff

failed to consult with an EEOC counselor within forty-five days

of the alleged discriminatory act, he failed to exhaust

administrative remedies with the regard to his Title VII and

Rehabilitation Act claims.

    Before instituting a civil action in federal court, a

plaintiff alleging employment discrimination by a federal

agency under either Title VII or the Rehabilitation Act must

exhaust administrative remedies. 42 U.S.C. § 2000e-16(c);

*Spence v. Straw*, 54 F.3d 196, 201 (3d. Cir. 1996)(holding that

a plaintiff must exhaust Title VII remedies before bringing

suit under the Rehabilitation Act for discrimination by a

federal agency).  The first step in the administrative process

is for an aggrieved person to contact an EEO counselor within

forty-five (45) days of the discriminatory incident or
effective date of the action. 29 C.F.R. § 1614.105(a)(1).
Failure to exhaust administrative remedies in an affirmative
defense in the nature of a statute of limitations. *Williams v.
Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). Given that failure
to exhaust administrative remedies is an affirmative defense,
the defendant bears the burden of pleading and proving failure
to exhaust administrative remedies. *Id.*

The defendant contends that the plaintiff failed to
consult with an EEOC counselor within forty-five days of his
termination; that, therefore, the plaintiff failed to comply
with the administrative time limits; and that, accordingly, the
plaintiff's disability and retaliation claims should be
dismissed as time barred. The problem with this argument is
that the plaintiff's disability and retaliation claims are not
based on his termination. Rather, the plaintiff's disability
and retaliation claims are based on the Postal Service's
refusal to return him to work since April of 2007.

11

The defendant also contends that, construing the plaintiff's claims as based on the failure of the Postal Service to return the plaintiff to work since April of 2007, the plaintiff nevertheless failed to seek EEOC counseling within 45 days of April of 2007.  The defendant asserts that the plaintiff did not seek EEOC counseling until June 29, 2007, which is beyond the forty-five day time limit.[1]  The problem with this argument is that there are no allegations in the complaint that the plaintiff did not seek EEOC counseling until June 29, 2007 and the defendant's statement of material facts in support of his summary judgment motion does not establish that the plaintiff did not seek EEOC counseling until June 29, 2007.  Moreover, it is not clear (either from the allegations in the complaint or from the defendant's statement of material facts) when the plaintiff knew that the Postal Service had made a final decision not to return him to work.[2]  Accordingly, we

---

1.  The plaintiff alleges in his complaint that he sought EEO counseling on February 23, 2007 but that after mediation he withdrew the matter.  The plaintiff's claims in the instant case are based on the Postal Service's refusal to return the plaintiff to work sometime after he withdrew that matter.

2.  The defendant asserts in his statement of material facts that the plaintiff was sent a letter, on July 25, 2007, notifying him

(continued...)

conclude that the plaintiff's Title VII and Rehabilitation Act claims should not be dismissed at this point.

The defendant contends that the plaintiff failed to exhaust administrative remedies with regard to his ADEA claim.

The ADEA affords aggrieved federal employees and applicants for employment two alternative routes for pursuing an age discrimination claim. *Stevens v. Dept. of Treasury,* 500 U.S. 1, 5 (1991). "An individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Id.* at 5. "A federal employee complaining of age discrimination, however, does not have to seek relief from his employing agency or the EEOC at all." *Id.* at 6. "He can decide to present the merits of his claim to a federal court in the first instance." *Id.* However, as a prerequisite for filing the complaint in federal court, the aggrieved individual must

---

2.  (...continued)
that he failed a fitness for duty examination and would not be considered for reinstatement or re-employment. *Doc. 6 at ¶21.*

13

notify the EEOC of his intent to sue no less than thirty (30) days prior to the commencement of the suit. 29 U.S.C. § 663a(d).

The plaintiff has not alleged or argued the he provided the EEOC with notice of his intent to sue prior to commencing this action.  Nor did the plaintiff raise age as an issue in his administrative complaint with the EEOC.  Nor could age discrimination be considered to be fairly within the scope of the plaintiff's EEOC complaint or a reasonable investigation arising therefrom. *See Atkinson v. LaFayette College,* 460 F.3d 447, 453 (3d Cir. 2006)(stating that the "parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow our of the charge of discrimination").  The plaintiff does, however, state that Postal Service failed to process his age discrimination claim administratively.  Given that failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proven by the defendant and that the defendant has not established through his statement of material facts any information regarding the plaintiff's exhaustion of

14

administrative remedies, we conclude that the defendant has

failed to meet his burden of proving failure to exhaust

administrative remedies.  Accordingly, we will recommend that

the plaintiff's ADEA claim not be dismissed at this time based

on the plaintiff's failure to comply with administrative

prerequisites.

The defendant contends that the plaintiff fails to

allege sufficient facts to state an age discrimination claim

upon which relief can be granted.  We agree.

In one paragraph of the complaint, the plaintiff

alleges that the Postal Service discriminated against him based

on age. *Doc. 1 at ¶35.*  However, apart from that conclusory

allegation, the plaintiff has not alleged any of the elements

of an age discrimination claim including that he was 40 years

of age or older.  Accordingly, the complaint fails to state an

ADEA claim upon which relief can be granted.

IV. Recommendations.


        Based on the foregoing, it is recommended that the
defendant's motion (doc. 4) to dismiss or, in the alternative,
for summary judgment be granted in part and denied in part.  It
is recommended that the plaintiff's ADEA claim be dismissed.
It is recommended that the motion be otherwise denied.  It is
recommended that the plaintiff be granted leave to file an
amended complaint to attempt to plead an ADEA claim upon which
relief can be granted.  Finally, it is recommended that the
case be remanded to the undersigned for further proceedings.


                                   */s/ J. Andrew Smyser*
                                   J. Andrew Smyser
                                   Magistrate Judge


Dated:  November 25, 2008.

16