## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. ERBE**, | : | **CIVIL ACTION NO. 1:08-CV-0813** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. POTTER**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 20th day of February, 2009, upon consideration of the report

of the magistrate judge (Doc. 21), recommending that defendant's motion to dismiss

(Doc. 4) be denied with respect to plaintiff's disability discrimination claim and

granted with respect to his age discrimination claim, and following an independent

review of the record, it appearing that plaintiff has proper standing to raise

disability and age discrimination claims,[1] and that a plaintiff advancing a disability

discrimination claim is required to contact a counselor within forty-five days of the

allegedly discriminatory act, see 29 C.F.R. §1614.105(a)(1) ("The first step in the

---

[1]Defendant challenges plaintiff's standing to raise his discrimination claim on the ground that plaintiff was not a party to the settlement agreement negotiated by the union on his behalf and therefore cannot bring an enforcement action. See McNair v. U.S. Postal Serv., 768 F.2d 730, 734 (5th Cir. 1985). However, plaintiff's claim arises from defendant's allegedly discriminatory conduct following the execution of the settlement agreement rather than the terms thereof, and plaintiff has not advanced a breach of contract claim based on the settlement agreement. The court therefore concludes that plaintiff's discrimination claim is independent of the settlement contract and that plaintiff possesses standing to assert his claim. See id., (concluding that an employee may "assert certain independent causes of action against his employer, even though they arise from the same conduct that was the subject of a grievance" that implicates a union contract).

administrative process is for an aggrieved person to contact an EEO counselor

within 45 days of the discriminatory incident or effective date of the action."); <u>see</u>

<u>also</u> <u>Spence v. Straw</u>, 54 F. 3d 196, 201 (3d. Cir. 1996) ("Before instituting a civil

action in federal court, a plaintiff alleging employment discrimination by a federal

agency must exhaust administrative remedies."), that plaintiff alleges that he

became aware of defendant's final termination of his employment when he received

a dismissal of his formal EEO complaint on August 13, 2007 and he sought timely

precomplaint counseling following this notification (<u>Id.</u> at ¶¶ 27, 29), and that

defendant claims that plaintiff had knowledge of such dismissal as early as April 25,

2007, (Doc. 23 at 6), and the court concluding that the face of the complaint does not

demonstrate that plaintiff neglected to pursue his claim in an untimely manner,[2]

and the court further concluding that plaintiff's complaint is wholly lacking any

_____

[2]Defendant contends that plaintiff failed to consult an equal employment opportunity counselor in a timely manner.  This allegation is unsupported by the face of the complaint; however defendant contends that the court may resolve this ambiguity by converting the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.  Defendant proffers an Equal Employment Opportunity Commission opinion (Doc. 1 at Ex. 5) associated with plaintiff's claims that concludes that plaintiff knew of his dismissal as early as April 25, 2007 (Doc. 23 at 6).  The opinion references a letter plaintiff allegedly wrote that reveals knowledge of defendant's intent not to return him to work. (<u>Id.</u>).  The record does not include a copy of this letter.  The court declines defendant's invitation to consider his motion as one for summary judgment.  The exhaustion defense implicates issues of plaintiff's knowledge, and resolution of this matter would require the court to determine precisely when plaintiff became aware that he would not be reinstated.  This inquiry resists disposition via a motion to dismiss and is more appropriately addressed at summary judgment, after the parties have developed a mature factual record detailing plaintiff's knowledge of change in his employment status.  The court will therefore defer further consideration of the exhaustion issue until summary judgment proceedings.

factual arguments to support his age discrimination claim, see D'Altilio v. Dover

Twp., 2007 U.S. Dist. LEXIS 71414 ("Like other civil rights claims, the plaintiff need

not allege all elements of a prima facie case at the pleading stage."); see also Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("Stating a claim requires a complaint with enough

factual matter to suggest the required elements of a claim."),[3] and that it contains

no allegations that plaintiff was in a protected class based on age, that defendant

took any action against plaintiff because of plaintiff's age, or that defendant

performed any other acts supporting an inference of age discrimination, it is hereby

ORDERED that:

1.   The report and recommendation of the magistrate judge (Doc. 21) is
     ADOPTED.

2.   Defendant's motion to dismiss (Doc. 4) is GRANTED in part and
     DENIED in part as follows:

     a.   Defendant's motion to dismiss is GRANTED with respect to
          plaintiff's age discrimination claim.

     b.   Defendant's motion to dismiss is DENIED in all other respects.

---

[3] A prima facie case of age discrimination requires plaintiff to demonstrate
that (1) the plaintiff is over forty years of age, (2) was qualified for the position at
issue, (3) was denied employment or discharged despite the plaintiff's qualification,
and that (4) the employer later "filled the position with someone sufficiently
younger to permit an inference of age discrimination."  See Narin v. Lower Merion
Sch. Dist., 206 F.3d 323, 231 (3d Cir. 2000).

3.      Plaintiff shall be permitted to file an amended complaint that alleges
        facts supporting his age discrimination claim on or before March 6,
        2009.

4.      The above captioned matter is REMANDED to the magistrate judge
        for further proceedings.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge