```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| GEORGE J. ERBE, | Jury Trial Demanded |
| Plaintiff, | Civil Action |
| v. | No. 08-813 |
| JOHN E. POTTER, POSTMASTER GENERAL, | |
| Defendant. | |

## AMENDED COMPLAINT

**Parties**

1. Plaintiff, George J. Erbe, is a citizen of the United States and a resident of the County of York, Commonwealth of Pennsylvania.

2. The United States Postal Service ("Postal Service" or "agency"), is an independent establishment of the United States (39 U.S.C. §201), with the power to sue and be sued (39 U.S.C. 401(1)).

3. Defendant, John E. Potter, Postmaster General, is the duly appointed and acting official charged with the administration of laws and implementing regulations, instructions and directives affecting the Postal Service and its employees in the area of job discrimination under *Title VII* of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §791, *et seq.*

**Jurisdiction**

4.   This Court has jurisdiction over this matter pursuant to 42 U.S.C. §2000e-16(c) which provides, in pertinent part, that a party must file a civil action within 90 days of receipt of final action taken by the U.S. Equal Employment Opportunity Commission (EEOC) upon an appeal from an agency decision on a complaint of discrimination under *Title VII* of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* (*ADEA*), and the Rehabilitation Act of 1973, 29 U.S.C. §791 *et seq.* (*Rehabilitation Act*).

**Venue**

5.   The United States District Court for the Middle District of Pennsylvania is the appropriate venue for this action pursuant to 28 U.S.C. §§1391(e)(2) and (e)(3), in that a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this judicial district, and plaintiff resides in this judicial district.

**Factual Allegations**

6.   Plaintiff, George J. Erbe, is a former employee of the Postal Service.

7.   Mr. Erbe's date of birth is November 6, 1946.

8.   Mr. Erbe began his employment with the Postal Service on or about January 23, 2006 as a Rural Carrier Associate (RCA) at the East York (Pennsylvania) Postal Facility.

9.  Aside from a back spasm which he had experienced in late May, 2006, which resulted in his inability to perform his duties as an RCA for three days, Mr. Erbe essentially worked from January 23, 2006 through August 25, 2006, without incident and without any restrictions, physical limitations or any issues concerning his ability to meet the physical demands of his position. By letter, dated August 25, 2006, Ann E. Brady, Supervisor, Customer Service and Mr. Erbe's supervisor, notified Mr. Erbe of his separation from the rolls of the Postal Service. By memorandum, dated August 26, 2006, Ms. Brady notified Mr. Erbe that he was restricted from entering the employee parking lot or any entrance of the East York Post Office, other than the customer service entrance.

10. By letter, dated August 25, 2006, Ann E. Brady, Supervisor, Customer Service and Mr. Erbe's supervisor, notified Mr. Erbe of his separation from the rolls of the Postal Service.

11. The Postal Service's reason for Mr. Erbe's termination was "failure to follow instructions: failure to report an accident timely."

12. Mr. Erbe alleged that the facts described in the letter of separation were not accurate.

13. At the time of the issuance of the letter of separation, Postal Service management believed that Mr. Erbe, a then recent new hire, was still under an initial 90-day probationary period and, therefore, not entitled to grieve the

separation under the provisions of any applicable labor/management contract.

14.  In actuality, Mr. Erbe had worked over ninety days since his employment commenced in January, 2006.

15.  At the time of his separation, Mr. Erbe was a member of a bargaining unit, whose sole and exclusive representative was the National Rural Letter Carriers' Association (Union or NRLCA), under the provisions of a labor/management relations agreement (*Labor/Management Contract*) by and between the Postal Service and the Union.

16.  On November 8, 2006, the Union filed a grievance over Mr. Erbe's separation, alleging that Mr. Erbe had no prior discipline, that Mr. Erbe's records reflected that he had worked ninety-one days prior to his separation, and that Postal Service management violated Article 12.1A of the *Labor/Management Contract* when it separated Mr. Erbe from the rolls of the Postal Service.  The grievance contained no allegation of employment discrimination under *Title VII*, the *ADEA* or the *Rehabilitation Act*.

17.  On February 1, 2007, the Union and the agency reached an agreement at the step-two grievance procedure level (*Step Two Settlement Agreement*), which provided, in part, that Mr. Erbe's separation be reduced to a time-served suspension. <u>Exhibit 1</u> attached hereto.

**Agency Case No. 4C-170-0032-07**

18.   On February 23, 2007, Mr. Erbe, without any legal representation, sought precomplaint counseling (the required step prior to filing a formal discrimination complaint), under the Postal Service's administrative Title VII procedures, alleging continuing harassment and hostile work environment concerning issues of training, working conditions, working environment and return to work. <u>Exhibit 2</u> attached hereto.

19.   Although Mr. Erbe's request for counseling constituted an informal request under law, the Postal Service, for administrative purposes, identified the counseling request as Agency Case No. 4C-170-0032-07.

20.   This precomplaint counseling request was the first time Mr. Erbe raised any allegation of discrimination with the Postal Service.

21.   The Postal Service and Mr. Erbe agreed to mediate his (informally raised) discrimination matter.

22.   A mediation was held on March 27, 2007.  Present at the mediation were Ms. Brady, Jose J. Canto, identified as the Postal Service representative, Mr. Erbe, and Sandra S. Christianson, Mediator.  Also present was Karen E. Malizia, EEO/ADR Coordinator, in the capacity of an "observer."

23.   Mr. Erbe did not have a representative at the mediation conference.

24.   No agreement was reached at the mediation.  However, Mr. Erbe signed a withdrawal of discrimination matter, based on

representations by Postal Service management officials that he would be returned to work. Exhibit 3 attached hereto.

25. As a result of Mr. Erbe's withdrawal of his informal complaint of discrimination, the Postal Service never issued to Mr. Erbe a notification, pursuant to 29 CFR §1614.105(d), of his right to file a formal complaint of discrimination in Agency Case No. 4C-170-0032-07; and Mr. Erbe never filed a formal discrimination complaint.

### Agency Case No. 4C-170-0054-07

26. Because of the Postal Service's inaction in returning Mr. Erbe to work, pursuant to terms of the *Step Two Settlement Agreement* (Exhibit 1), Mr. Erbe, who had then retained legal counsel, filed a formal discrimination complaint on August 13, 2007 (Exhibit 4, attached hereto), docketed as Agency Case No. 4C-170-0054-07, in which he alleged the following:

> I allege that the Postal Service is engaging in a continuing campaign of reprisal against me for my having been involved in the EEO process by refusing, without any justification whatsoever, to permit me to return to work. The Postal Service has also discriminated against me based on disability (perceived) by refusing, without any justification whatsoever, to permit me to return to work. There is no evidence that I complained that I was unable to perform my work as an RCA, no evidence that I was unable to perform my work as an RCA prior to August 25, 2006 (aside from a three-day sick leave due to back spasms), and no plausible justification for requiring me to undergo a fitness for duty examination. Moreover, I have not received any documentation from the Postal Service indicating that I suffer from a physical condition which precludes me from working as an RCA, or that the Postal Service has determined that I do not meet the physical requirements to perform the job. The Postal Service has intentionally stalled and

>     delayed in having me undergo the alleged "justified"
>     fitness for duty examination and/or intentionally
>     refused to return me to work in the face of a total
>     absence of medical evidence indicating I am either
>     physically or mentally unable to perform my job duties
>     as an RCA without unreasonably endangering or injuring
>     myself or others.
>                            Exhibit 4, p.3 of 4

27. The Postal Service dismissed the formal complaint (in Agency Case No. 4C-170-0054-07) in a decision, dated August 13, 2007, entitled *Dismissal of Formal EEO Complaint*. Exhibit 5 attached hereto.

28. In the *Dismissal of Formal EEO Complaint* decision, Mr. Erbe was informed that he was no longer an employee of the agency (Exhibit 5, p.1) and that the agency had made a decision sometime prior to April 25, 2007, that he "was not being returned to work." See, Exhibit 5, p.4, line 18-19. Mr. Erbe had never received any notification after the date of the *Step Two Settlement Agreement* (February 1, 2007) and prior to his receipt of agency's *Dismissal of Formal EEO Complaint* decision (August 13, 2007) that he had been removed from the agency's rolls.

29. Mr. Erbe timely appealed the *Dismissal of Formal EEO Complaint* decision to the EEOC. Exhibit 6 attached hereto.

### Agency Case No. 4C-170-0074-07

30. After receiving the *Dismissal of Formal EEO Complaint* decision, by which he was notified that the Postal Service alleged he was no longer a Postal Service employee, Mr. Erbe again sought precomplaint counseling.

31.   The EEO counselor, Sandra L. Mitchell, issued a Notice of Right to File letter, dated October 2, 2007 (Exhibit 7 attached hereto), in which she informed Mr. Erbe, for the first time, that the agency had never reinstated him to the rolls of the agency on February 1, 2007, pursuant to the terms of the *Step Two Settlement Agreement*.

32.   On October 16, 2007, Mr. Erbe filed another formal complaint (Exhibit 8 attached hereto), docketed as Agency Case No. 4C-170-0074-07, in which he alleged that the agency discriminated against him on the basis of disability (perceived) and in reprisal for his prior EEO activity by separating him from the agency rolls, either subsequent to February 1, 2007 (post-*Step Two Settlement Agreement*), or by breaching the *Step Two Settlement Agreement*, in which he was a third party beneficiary, by failing to restore him to the rolls of the Postal Service, effective September 2, 2006, the date he had originally been separated from the Postal Service.

33.   The agency dismissed the formal complaint in a decision, dated October 16, 2007 (Exhibit 9 attached hereto).

34.   Mr. Erbe timely appealed the dismissal to the EEOC (Exhibit 10 attached hereto).

### EEOC Decision

35.   The EEOC consolidated both appeals, and, in a decision, dated February 5, 2008 (Exhibit 11 attached hereto), affirmed the Postal Service's dismissal of Agency Case No. 4C-170-0054-07 (Exhibit 11,p.3), and reversed the Postal Service's dismissal of

Agency Case No. 4C-170-0074-07 and remanded the case to the Postal service for further administrative processing (<u>Exhibit 11</u>,p.5).

### Specific Allegations

36. Mr. Erbe's contends that the EEOC erred in affirming the Postal Service's dismissal of Agency Case No. 4C-170-0054-07, and that the Postal Service had discriminated against him based on disability (perceived) and age (DOB-11/6/46) and had engaged in a continuing campaign of reprisal against him for his having been involved in the EEO process, by refusing to permit him to return to work since April, 2007.

37. This Civil Action Complaint does not include any discrimination claims comprising Agency Case No. 4C-170-0074-07, which claims are currently being processed at the administrative level.

38. Mr. Erbe has filed this lawsuit, pursuant to 42 U.S.C. §2000e-16(c), from the EEOC's final decision and requests judicial review and a trial *de novo* by jury in Federal District Court on all issues in his complaint of discrimination based on reprisal, age and disability (perceived).

**Conclusion and Prayer for Relief**

WHEREFORE, plaintiff, George J. Erbe, respectfully requests that this Court reverse the EEOC's decision with regard to his discrimination allegations, and grant full relief to him, including, but not limited to, retroactive reinstatement with backpay, benefits and any other applicable entitlements,

compensatory damages, the cost of this action and plaintiff's reasonable attorney fees.

                                         s/ Dennis L. Friedman
                                         _____
                                         DENNIS L. FRIEDMAN, ESQUIRE
                                         Attorney for Plaintiff
                                         1515 Market Street, Suite 714
                                         Philadelphia, PA  19102-1907
                                         (215) 567-4600