IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. ERBE**, | : | CIVIL ACTION NO. 1:08-CV-0813 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JOHN E. POTTER**, | : | |
| Defendant | : | |

**MEMORANDUM**

Plaintiff George Erbe ("Erbe"), a former employee of the United States Postal Service ("USPS"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. Presently before the court is defendant's motion in limine (Doc. 73), which seeks to exclude certain evidence for lack of relevance. For the reasons that follow, the motion will be granted in part and denied in part.

I. **Factual Background**[1]

During the time that plaintiff was employed by the USPS as a Rural Carrier Associate ("RCA"), he suffered back spasms on one occasion, and he considered the spasms to be work-related. However, USPS policy required plaintiff to report any injury or accident immediately, and because plaintiff had reported no accident, plaintiff's supervisor decided to remove him "from the rolls of the Postal Service" by letter dated August 25, 2006. Plaintiff then filed a grievance with his union

---

[1] The facts underlying the instant case are more fully described in the court's memorandum (Doc. 75) dated March 22, 2010.

regarding his removal. His union grievance was settled, pursuant to a settlement agreement which stated, "The notice of separation issued to [Erbe] will be reduced to a long term suspension for time served[,]" and which required plaintiff "to make himself available for a fitness for duty examination to be scheduled by USPS." A few weeks after his union grievance settled, plaintiff sought EEO pre-complaint counseling for an "age and gender discrimination case."

Shortly thereafter, a fitness for duty examination was scheduled with Dr. Bruce Goodman. Dr. Goodman's final assessment was "[m]oderate [r]isk/restriction recommending that lifting more than 40 pounds would require assistance." Plaintiff contests the validity of Dr. Goodman's conclusion. Nevertheless, the USPS informed plaintiff that as an RCA, he "was required to lift seventy (70) pounds[,]" which is the maximum allowable mailing weight, without assistance, because plaintiff worked alone. Citing Dr. Goodman's conclusion that plaintiff should not more than forty pounds without assistance, the USPS concluded that "we are unable to consider you for re-employment or reinstatement as a Rural Carrier Associate." Accordingly, plaintiff was not reinstated.

Plaintiff alleges that defendant, the Postmaster General, took adverse actions against him—specifically, terminating his employment—in retaliation for his involvement in the Equal Employment Opportunity ("EEO") process, in violation of

2

Title VII.[2] Defendant's pending motion in limine (Doc. 73) seeks to enjoin plaintiff from introducing the following evidence at trial: (1) the testimony of Craig Jenks; (2) evidence relating to Erbe's August 2006 termination; (3) evidence challenging the terms of the settlement agreement; (4) evidence concerning the incidents which gave rise to Erbe's withdrawn EEO matter; and (5) testimony from Erbe concerning how much he can lift.

## II. Discussion

### A. Testimony of Craig Jenks

Defendant anticipates that plaintiff will ask Craig Jenks, a rural letter carrier, to testify to such information as (1) the weight of packages that he has been required to deliver, both during the Christmas season and at other times of the year, (2) the fact that he can use a dolly to lift heavy items, and (3) the fact that he has spoken to another letter carrier with similar experience. Defendant contends that the court should not permit Jenks to testify, because plaintiff failed to provide information about Jenks or identify him as a potential witness, and because Jenks's experiences are not relevant to plaintiff's claims. In addition, defendant argues that any testimony provided by Jenks should be based on his personal knowledge, not hearsay.

---

[2] Plaintiff also brought claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Rehabilitation Act of 1973 ("Rehabilitation Act" or "RA"), 29 U.S.C. §§ 791-794e, alleging that defendant discriminated against him on the basis of a perception that he was disabled and on the basis of age. However, court granted partial summary judgment to defendant, dismissing plaintiff's ADEA and RA claims.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Defendant argues that, under this rule, Jenks's testimony should be excluded from evidence. Plaintiff's response essentially amounts to an argument that his failure to identify Jenks was substantially justified. Specifically, plaintiff asserts that, as a result of the fact that defendant relied on a declaration from Laurie McKinsey in its motion for summary judgment, plaintiff needed a witness "in the letter carrier craft to rebut the averments of McKinsey." (Doc. 76 at 3). Accordingly, plaintiff found Jenks, a witness he was not aware of until after he received defendant's motion for summary judgment, (id.), and he provided Jenks's declaration in his opposition to summary judgment, (see Doc. 54-4). In light of these circumstances, the court is not persuaded that Jenks's testimony should be excluded on the basis that plaintiff failed to identify Jenks earlier. The court will therefore turn to defendant's alternative basis for excluding Jenks's testimony: relevance.

Evidence is relevant if it renders a material fact either more or less probable than it would have been absent the evidence, and relevant evidence is, as a general rule, admissible. FED. R. EVID. 401, 402. Defendant argues that Jenks's experiences have no relevance, because Jenks is not similar to plaintiff. Defendant observes that Jenks is a letter carrier, not an RCA as plaintiff was, and that Jenks and plaintiffs have different job requirements and different routes. Although defendant

4

presents well-reasoned arguments suggesting that Jenks's testimony would lack probative value, the court does not find that exclusion of his testimony is warranted at this juncture.  The court cannot presently ascertain the potential relevance of Jenks's testimony.  At the time of trial, by contrast, the parties will have the opportunity to develop the record, and the court can consider the evidence in context.  Therefore, the court finds that a pretrial exclusion of Jenks's testimony would be premature.  See In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 314 (3d Cir. 2004).

Defendant also objects to the admission of hearsay testimony into evidence. Hearsay is any oral or written "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c).  Unless it falls within one of Federal Rules' exceptions, hearsay testimony is not admissible evidence.  See FED. R. EVID. 802. According to defendant, Jenks may attempt to provide information outside his personal knowledge, such as the specific weight of packages he has delivered, and statements that another letter carrier made to him about lifting heavy packages and using a dolly.

The court agrees that the latter part of Jenks's anticipated testimony is inadmissible hearsay.  Jenks cannot offer the statements of another letter carrier to prove the truth of the matters asserted—for instance, that this individual was required to deliver heavy packages on only a few occasions, and that he used a dolly supplied by the post office on those occasions.  However, the court is not persuaded

that it should prohibit Jenks from testifying to the weight of packages he has delivered. At trial, the court will afford plaintiff the opportunity to establish whether this information is within Jenks's personal knowledge. If plaintiff fails to do so, defendant will have an opportunity to challenge Jenks's anticipated testimony at that time.

For the reasons stated above, defendant's motion shall be granted to the extent that it seeks to exclude impermissible hearsay testimony concerning statements made to Jenks by another letter carrier. Testimony of this nature shall be excluded at trial. However, the court declines to make a pretrial determination as to the admissibility of other testimony which Jenks may present, and therefore, defendant's motion is denied without prejudge in all other respects.

**B.     Evidence Relating to Erbe's Termination and the Parties' Settlement Agreement**

Relevant evidence is excluded if the probative value of the evidence is substantially outweighed by the potential for unfair prejudice, confusion of issues, misleading the jury, or by considerations of undue delay, waste or time, or needless presentation or cumulative evidence. See FED. R. EVID. 403; Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 382 (2008); see Coleman v. Home Depot Inc., 306 F.3d 1333, 1343-44 (2002). According to defendant, any evidence relating to plaintiff's termination—e.g., evidence concerning his back spasms and failure to report this injury—is not relevant to plaintiff's Title VII retaliation claim,

and is unduly prejudicial and confusing.[3]  For the same reasons, defendant also seeks to prevent plaintiff from offering evidence "challenging the terms of the settlement agreement, such as whether it was appropriate to send Erbe for a fitness for duty examination . . . ." (Doc. 74 at 6-7).[4]

Defendant argues that plaintiff "will attempt to offer evidence that the USPS had discriminated against him with regard to his termination, then ask the jury to consider these allegations of discrimination as proof that he was discriminated against when he was not returned to work." (Doc. 74 at 5).  In response, plaintiff "categorically denies that he will offer evidence at trial to prove that his termination in August, 2006, was discriminatory." (Doc. 76 at 7; see also id. at 5-6).  Plaintiff similarly disavows any intention of challenging the terms of the settlement agreement as discriminatory. (Id. at 5-6).  However, plaintiff contends that he should be permitted to introduce evidence concerning his injury and termination, and the provisions of the settlement agreement, as background evidence. (Id. at 6-

---

[3] Defendant also argues that "any request for reinstatement, back pay, and compensatory damages prior to the alleged discriminatory acts should be prohibited." (Doc. 74 at 6).  Plaintiff denies that he will raise such issues during trial. (Doc. 76 at 7-8).  Therefore, the court finds that a discussion of this issue would be unnecessary.  If plaintiff seeks such remedies at trial, contrary to his word, then defendant will have an opportunity to object at that juncture.

[4] In addition, defendant asks the court to exclude evidence of "conduct that occurred prior to the execution of the settlement agreement[.]" (Doc. 74 at 7).  For the reasons discussed infra, the court will deny this overbroad request and permit plaintiff to introduce background evidence to the extent that it is relevant.  Defendant will maintain the right to object to evidence that he believes is improperly offered in light of this ruling.

8, 10). He also claims that he will be prejudiced if the court permits defendant to present evidence relating to plaintiff's termination, because such evidence would depict him in a negative light and leave the jury with the impression that his termination was justified. (Id. at 6).

The court agrees with plaintiff's view that evidence relating to his initial termination and the settlement agreement has some narrative relevance. Indeed, even defendant admits that "the jury needs some background information to understand how these parties came to a settlement agreement[,]" (Doc. 82 at 5), and that the jury should "know about the settlement agreement[,]" (id. at 6). Therefore, the court will instruct the parties to meet and confer on an appropriate but generic stipulation setting forth the etiology and the provisions of the settlement agreement. The court will also instruct the parties to meet and confer on an instruction to the jury that will caution the jury to avoid the attribution of any negative inferences to either party as a consequence of this settlement agreement.

### C.     Evidence of the Incidents Underlying Plaintiff's EEO Matter

The parties' positions on this issue parallel their positions on the issue of plaintiff's August 2006 termination. Specifically, defendant contends that plaintiff "will attempt to offer evidence that the USPS had discriminated against him with regard to the incidents he raised in the withdrawn EEO matter, then ask the jury to consider these allegations of discrimination as proof that he was discriminated against when he was not returned to work." (Doc. 74 at 10). Plaintiff characterizes defendant's argument as "speculation and conjecture" and avers that "[a]ny

8

evidence he presents on the withdrawal matter is in the nature of background information." (Doc. 76 at 11).

Defendant's motion will be denied without prejudice on this issue. As noted above, background information has some narrative relevance. Furthermore, the court finds that, without a clear identification of the particular evidence in dispute, it is impossible to determine the relevance of such evidence. Hence, the evidence ought to be considered in the context of trial.[5]

### D.  Erbe's Testimony Concerning How Much He Can Lift

Defendant asks the court to exclude testimony from Erbe concerning his ability to lift more than 40 pounds. According to defendant, he "is not qualified to proffer such testimony." (Doc. 74 at 10). Defendant argues that "[h]ow much a package weighs is outside Erbe's personal knowledge." (Id. at 11). The court cannot agree with this assertion as a pretrial matter. Plaintiff must have the opportunity to establish his personal knowledge at trial. If plaintiff fails to lay a proper foundation for his testimony, the court will entertain an objection from defendant at that time.

Defendant also argues that plaintiff's ability to lift more than 40 pounds without assistance is irrelevant. (Doc. 74 at 11-12). The court cannot agree. As

---

[5] The Third Circuit has held that "excluding evidence under [Rule] 403 at the pretrial stage is an extreme measure[,]" In re Diet Drugs Prods. Liab. Litig., 369 F.3d at 314 (quoting Hines v. Conrail, 926 F.2d 262, 274 (3d Cir. 1991)), and that "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id. (quoting In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990)).

previously noted, evidence is relevant if it renders a material fact either more or less probable, and the court finds that plaintiff's actual lifting ability is a material fact, because defendant's basis for refusing to reinstate plaintiff was, purportedly, the fact that he was not fit to fulfill the physical requirements of the RCA position. Therefore, the court will deny defendant's motion without prejudice.

### III. Conclusion

Defendant's motion in limine will be granted with respect to impermissible hearsay testimony concerning statements made to Jenks by another letter carrier. Defendant's motion will be denied in all other respects, without prejudice to defendant's right to object at trial to evidence that defendant believes is improperly offered in light of the court's rulings herein. The parties will be instructed to meet and confer on a stipulation and a cautionary instruction as set forth above.

An appropriate order follows.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge

Dated:     April 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE J. ERBE**, | : CIVIL ACTION NO. 1:08-CV-0813 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JOHN E. POTTER**, | : |
| **Defendant** | : |

## ORDER

AND NOW, this 22nd day of April, 2010, upon consideration of defendant's motion in limine (Doc. 73), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 73) is GRANTED with respect to hearsay testimony concerning statements made to Jenks by another letter carrier, and that the motion is DENIED in all other respects, without prejudice to defendant's right to object to evidence that he believes is improperly offered at trial.

2. The parties are directed to meet and confer on (1) a stipulation setting forth the basis for the settlement agreement and the agreement's relevant provisions, and (2) an instruction that will caution the jury against attributing any negative inferences to either party as a consequence of the settlement agreement.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge