UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. ERBE, | : | No. 1:08-CV-813 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | (Smyser, M.J.) |
| JOHN E. POTTER, Postmaster General | : | |
| Defendant | : | (Electronically Filed) |

**DEFENDANT'S TRIAL BRIEF**

Defendant, John E. Potter, Postmaster General, by his counsel, respectfully submits this Trial Brief.

**A.    Statement of evidence to be presented**

Erbe will not be able to support his retaliation claim under Title VII because he will not be able to demonstrate a causal connection between him engaging in EEO activity and not being returned to work. Alternatively, Erbe will not be able to establish that but for engaging in EEO activity, he would have been returned to work.

Darlene Myers, who was responsible for arranging Erbe's fitness for duty examination and reporting the results from such examination in March 2007, will testify that she was unaware of Erbe engaging in any protected activity until 2008. Accordingly, she could not have informed Dr. Goodman that Erbe engaged in protected activity. Ms. Myers will also testify that she had no role in determining whether Erbe should be returned to work.

Dr. Goodman, the physician that conducted Erbe's fitness for duty examination, will testify that the goal of this exam was to determine whether Erbe was capable of safely performing the functions of a rural carrier associate position. Dr. Goodman will further testify why he determined Erbe should not lift over 40 pounds without assistance and he was not aware of Erbe's EEO activity. Finally, Dr. Goodman will testify that he was not influenced in any way by the Postal Service in reaching his recommendation that Erbe not lift over 40 pounds without assistance.

If necessary, Paula McKee, manager of labor relations, will testify about the approval process for a fitness for duty examination and she was unaware of Erbe's EEO activity.

Laurie McKinsey, a labor relations specialist, will testify about the job duties and responsibilities of a rural carrier associate and how the union grievance process works at the Postal Service. Additionally, Ms. McKinsey will testify about why a rural carrier associate cannot perform the requirements of the position if he or she is not able to lift over 40 pounds without assistance.

Barbara Callahan, the Pennsylvania state steward for Erbe's union, will testify about how the union grievance process works and why the union determined Erbe should not be returned to work. Additionally, Ms. Callahan will testify that Erbe could have challenged the decision to not return him to work, but he failed to. Finally,

Ms. Callahan will testify that Erbe's EEO activity had no bearing on the decision not to return him to work.

Cathy Linta-Leader will testify about the EEO process and the timing of events with regard to Erbe's EEO matter.

Ann Brady, Erbe's supervisor, will testify that she did not participate in resolving Erbe's union grievance at the Step 2 level. Additionally, Ms. Brady will testify that she did participate in Erbe's EEO mediation, but she did not promise to return Erbe to work because she had no authority to return him to work. Further, Ms. Brady will testify that she had no role in determining whether Erbe should be returned to work. Finally, Ms. Brady will testify that she had no communications with labor relations, Ms. Myers, or Dr. Goodman about Mr. Erbe's EEO activity.

Likewise, Jose Canto, Erbe's second level supervisor, will testify that he did not participate in resolving Erbe's union grievance at the Step 2 level. Additionally, Mr. Canto will testify that he did participate in Erbe's EEO mediation, but he did not promise to return Erbe to work because he had no authority to return Erbe to work. Further, Mr. Canto will testify that he had no role in determining whether Erbe should be returned to work. Finally, Mr. Canto will testify that she had no communications with labor relations, Ms. Myers, or Dr. Goodman about Mr. Erbe's EEO activity.

Either Dr. Daly or Dr. Johnson, Erbe's treating physicians, will testify that they treated Erbe for back spasms in 2006 and they treated Erbe for depression and obesity prior to him working at the Postal Service, and such treatment did not change.

**B.**   **Legal Issues and Authorities**

Erbe maintains that he was not returned to work due to retaliation. Erbe's claim falls under the well known burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1978).

Under this framework, "[f]irst, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). To establish a prima facie case of retaliation, Erbe must demonstrate that "(1) [he] engaged in activity protected by Title VII;" (2) he was subjected to a materially adverse employment action subsequent to or contemporaneously with such activity; and "(3) there was a causal connection between [his] participation in the protected activity and the [materially] adverse employment action." Moore v. Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).

If a prima facie case is established, "the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Texas Dept. of Community Affairs, 450 at 252-53. Unlike in the summary judgment

4

context, however, at trial, if "the defendant has succeeded in carrying its burden of production, *i.e.*, articulating a legitimate, nondiscriminatory reason for the employee's rejection, the McDonnell Douglas framework--with its presumptions and burdens--is no longer relevant." St. Mary's Honor Society v. Hicks, 509 U.S. 502, 510 (1993). As a result, any presumption of discrimination falls out of the case and the plaintiff, Erbe in this case, **must prove** "that the defendant *intentionally discriminated* against" him because of engaging in EEO activity. Id. at 511; Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 13, 143 (2000). See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)(finding "to prevail at trial, the plaintiff must prove . . . "that the illegitimate factor was a determinative factor in the adverse employment decision, that is, that **but for** the protected characteristic, the plaintiff would have been hired (or promoted).").

Thus, when an employer articulates the reason why it did not return Erbe to work, this reason "cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, **and** that discrimination was the real reason." Hicks, 509 U.S. at 510. Accordingly, "[t]hat the employer's proffered reason [for its actions] is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason of [discrimination] is correct." Id. at 524; McKenna v. Pacific Rail Serv., 32 F.3d 820, 826 (3d Cir. 1994).

Here, the evidence will show that Erbe was not returned to work due to the results of the fitness for duty examination, not because he engaged in EEO activity. The collective bargaining agreement between the Postal Service and Erbe's union require a rural carrier associate to be fit for duty. In order for Erbe to be fit for duty, he has to be able to lift up to 70 pounds and according to the results of the fitness for duty examination, he could not lift over 40 pounds without assistance. Thus, it was determined by Erbe's union and Postal Services' labor relations that he was not fit for duty and could not be returned to work. Under the collective bargaining agreement Erbe was not entitled to light duty or to transfer to another position. Thus, Erbe could not be returned to work.

Additionally, the evidence will establish that Erbe is not entitled to any compensatory damages. Therefore, the Court should grant judgment in Defendant's favor.

**C.**     **Conclusion**

Erbe has no evidence of retaliation.  Accordingly, this Court should rule in favor of the Defendant and grant judgment in his favor.

Respectfully submitted,

DENNIS C. PFANNENSCHMIDT
United States Attorney

Date: April 30, 2010                          /s/ Melissa A. Swauger
                                              MELISSA A. SWAUGER
Of Counsel                                    Assistant United States Attorney
  Sara K. Snyder, Esquire                     Atty. I.D. No. PA 82382
  United States Postal Service                228 Walnut St., 2nd Fl.
  615 Chestnut Street,                        P.O. Box 11754
  15th Floor                                  Harrisburg, PA  17108-1754
  Philadelphia, PA 19106                      Phone:  717-221-4482
                                              Fax:  717-221-4582
                                              Email: melissa.swauger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. ERBE, | : | No. 1:08-CV-813 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | (Smyser, M.J.) |
| JOHN E. POTTER, Postmaster General | : | |
| Defendant | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 30th day of April, 2010, she served a copy of the attached

## DEFENDANT'S TRIAL BRIEF

by electronic service pursuant to Local Rule 5.7 and Standing Order 05-6, ¶12.2 to the following individual(s):

Dennis L. Friedman, Esquire
1515 Market Street, Suite 714
Philadelphia, PA 19102-1907
dlf1esq@aol.com

Lawrence S. Markowitz, Esquire
1630 Randow Rd.
York, PA 17403
LarryM359@aol.com

/s/ Amanda Lau
AMANDA LAU
Legal Assistant