IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE J. ERBE,                                    :
                Plaintiff,                    :       No. 1:08-CV-0813
                                          :
        v.                                        :       (Conner, J.)
                                            :       (Smyser, M.J.)
JOHN E. POTTER, POSTMASTER GENERAL,    :
                Defendant.                    :

**PLAINTIFF'S TRIAL BRIEF**

**Statement of Evidence to be presented**

Erbe's case is elegantly simple and straight forward.  He has alleged that as a direct result of his seeking EEO counseling on February 23, 2007, and ongoing EEO involvement, the Postal Service retaliated against him by refusing to return him to work, under the guise that he allegedly failed a fitness for duty examination.

Erbe will present evidence that, aside from a back spasm which he experienced in late May, 2006 and which lasted 3 days,

    a.      he has no issues with his back,

    b.      he never had any issues with his back,

    c.      he never had any problems meeting the performance requirements of his position,

    d.      management never raised with him the issue of whether he had the ability to meet the performance requirements of his position,

    e.      the physician selected by the Postal Service to perform the medical evaluation on Erbe performed a clinical examination on Erbe and found him to be asymptomatic,

f.      the Postal Service physician confirmed that Erbe could lift 70 pounds and possible even 100 pounds,

g.      the Postal Service physician did not state that Erbe was medically restricted from lifting 70 pounds,

h.      the Postal Service physician did not conclude that Erbe failed his fitness for duty examination,

i.      Erbe was never informed that he allegedly failed a fitness for duty examination,

j.      the Postal Service has never presented medical evidence indicating he was physically unable to perform his job duties as an RCA without unreasonably endangering or injuring himself or others.

k.      the Postal Service has never presented medical evidence from the physician it selected to examine Erbe that Erbe could not perform all the required job duties as an RCA.

l.      the Postal Service has refused to return Erbe to work for no legitimate reason.

Erbe will not challenge the fact that he was required to undergo a fitness for duty examination. On February 23, 2007, Mr. Erbe sought EEO counseling, alleging, in part, a discrimination delay in his return to work based on his age and gender. On March 14, 2007, Dr. Bruce Goodman, a physician selected by the Postal Service, conducted a fitness for duty examination upon Erbe. On March 20, 2007, notice was sent to Erbe of a redress conference scheduled for March 27, 2007, to address and attempt to resolve Erbe's EEO claims. The following day (March 21), Darlene Myers discussed with Dr. Goodman the "need" for x-ray studies on Erbe. The "need" was never mentioned, discussed or implied a week earlier when Erbe had his examination with Dr. Goodman and Dr. Goodman had expressed disbelief that Erbe was even

required to be examined.  At the redress conference of March 27, 2007, Erbe agreed

to withdraw his EEO claim based on the representations from his managers that the

Postal Service would exercise good faith in promptly returning him to work.  On

March 28, the day after Erbe withdrew his EEO claim, Dr. Goodman sent to Myers

a report dated March 14, in which he stated that the clinical examination found Erbe

to be asymptomatic.  Dr. Goodman sent a separate assessment stating that he

"recommended" that Erbe not lift more than 40 pounds, even though he concluded

that Erbe could lift at least 70 pounds and perhaps 100 pounds.  Dr. Goodman didn't

conclude that Erbe was unable to lift 70 pounds or that he couldn't meet the physical

requirements of the RCA position.  As Erbe was not provided with any copies of Dr.

Goodman results or provided with information about his return to work, Erbe

continued with his EEO involvement by contacting the EEO ADR Coordinator on

April 25, 2007.  He was informed in a letter from the EEO coordinator on May 1,

2007 that management was, in good faith, exploring options that might facilitate his

return to work.  Erbe further continued with his EEO involvement by contacting an

EEO counselor in late June, 2007, concerning the retaliatory delays in returning him

to work.   Joseph Ruser, who received ongoing information of Erbe's EEO

involvement wrote to Erbe on July 23, 2007, notifying Erbe that the Postal Service

was not returning Erbe to work.  Ruser did not inform Erbe that he "failed" any

fitness for duty examination.  Erbe has never received any documentation from the

Postal Service that he has an impairment which prevents him from performing his

duties as an RCA.  There is no plausible and rational explanation for the refusal of the

Postal Service to return Erbe to work except retaliation against Erbe for his repeated and ongoing efforts to assert his EEO rights.

Dr. Goodman, Darlene Myers, Jose Canto and Ann Brady will testify to their knowledge of Erbe's EEO involvement, the fitness for duty requirements, events associated with the fitness for duty examination and results, communications with Joseph Ruser and by, between and among themselves, Erbe's attempts to return to work, Erbe's multiple EEO involvements and their inquiries, actions or lack of actions based on Erbe's attempts to return to work. Dr. Goodman will testify that Erbe is not restricted in performing work as an RCA. Craig Jenks, a rural letter carrier, may offer rebuttal testimony, as may Karen Malizia, EEO Coordinator. George Erbe, in addition to testifying as to liability will testify as to damages. Marcia A. Murphy will also testify as to damages.

## Legal Issues and Authorities

Title VII protects employees and former employees who attempt to exercise the rights guaranteed by the Act against retaliation by employers. 42 U.S.C. §§ 2000e-3(a) to 2000e-16(c), 29 C.F.R. § 1614.101(b). Activities protected from retaliation under Title VII include making a charge of employment discrimination. *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1299 (3d Cir. 1997) (filing EEOC complaint constitutes protected activity). Informal complaints and protests can constitute protected activity. "Opposition to discrimination can take the form of informal protests of discriminatory employment practices, including making complaints to management. *Moore v. City of Philadelphia,* 461 F.3d 331, 343 (3d Cir. 2006).

s/ Dennis L. Friedman

DENNIS L. FRIEDMAN
Attorney for Plaintiff
1515 Market Street, Suite 714
Philadelphia, PA  19102-1907
(215) 567-4600

s/ Lawrence S. Markowitz, Esquire

The Law Offices of Larry Markowitz
LAWRENCE S. MARKOWITZ, ESQUIRE
Co-Counsel for Plaintiff
PA 41072
1630 Randow Road
York, PA  17403
(717) 848-3282
(717) 848-5582 - fax
larrym359@aol.com

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

*Plaintiff's Trial Brief* was served upon the following by electronic filing this date to:

Melissa A. Swauger, AUSA
U.S. Attorney's Office
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108

s/ Dennis L. Friedman

_____
DENNIS L. FRIEDMAN, ESQUIRE

Dated:  May 3, 2010